## Pike Rollarena, Inc. v. Clark

*Lee D. Mescolotto*, for plaintiff.

*Leo H. Eschbach*, for defendant.

HONEYMAN, J., August 11, 1971.—Plaintiff's complaint seeks to restrain defendant-employe from rendering his unique services to competing employers within the terms of his existing employment contract. Defendant's answer denies violating the agreement, and pleads that the contract is illegal and against public policy. On August 2, 1971, a hearing before the chancellor adduced the following issues and findings of facts.

### STATEMENT OF ISSUES

(1) May plaintiff enjoin defendant's performance for others of those personal services which are encompassed by the employment contract between the parties?

(2) Are the services in question in the nature of that type of performance of which a court of equity may take cognizance in granting injunctive relief?

### FINDINGS OF FACT

Plaintiff is the owner-manager of a roller rink in

Bucks County, Pa. Defendant, a resident of Montgomery County, is employed as an organist by defendant pursuant to a written contract of exclusive employment entered into on January 28, 1968, between plaintiff and defendant for a term of five years commencing December 31, 1967.

Paragraph one provides for defendant's exclusive services "each Saturday evening during the following hours, to wit: from 8 o'clock p.m. to 11:00 o'clock p.m. (1st session), and from 11:30 p.m. to 2:30 a.m. Sunday mornings (2nd session) . . ."

Paragraph two provides for the same services to be performed from 8 p.m. to 11 p.m. on Fridays and/or Sundays at defendant's option.

Paragraph four prohibits defendant from playing the organ at any other roller skating rink during the term of the contract for the specified hours on Fridays and Saturdays.

In September 1968, defendant repudiated the terms by performing elsewhere at the specified times. It was established that defendant was well known for his musical talents and was quite popular among the roller-skating enthusiasts. Defendant has capitalized on his popularity by starting his own tape recording company and distributing his music to various other roller rinks and individuals. Plaintiff unequivocally states that defendant is still welcome to return to plaintiff's establishment as organist and that the financial terms of the contract could even be renegotiated. Defendant testified that he was not willing to return under any circumstances. Both parties agreed that live music increases attendance. Plaintiff has done nothing whatsoever to breach the contract.

## DISCUSSION

Where one person agrees to render personal services

to another, which require and presuppose a special knowledge, skill or ability in the employe so that, in case of defendant, the same service could not easily be obtained from others, although the affirmative specific performance of the contract is beyond the power of the court, its performance will be negatively enforced by enjoining its breach: Philadelphia Ball Club, Limited, Appellant v. Lajoie, 202 Pa. 210 (1902). Ever since the day that "Nap" Lajoie tried to "jump" the Philadelphia Ball Club, employers have sought relief in the courts to protect their business interest from a wayward employe. The cases that followed Lajoie, seem to center upon employes with special skills, talent or knowledge, not easily replaced. Defendant is such a person. While there is a myriad of cases consistently supporting the aforementioned principle, we will touch upon only one, which appears to be closely analogous to the instant case. A more detailed discussion of the law exists at 8 ALR 2d 1210.

In H. Daroff & Sons. Inc. v. Vitullo et al., 350 Pa. 501 (1944), defendants had contracted to do certain tailoring work exclusively for plaintiff. More specifically, they were required to do the tailoring work on overcoats supplied to them by plaintiff. Their best efforts and utmost attention were to be directed at completing this contractual task. In a suit to restrain them from tailoring other overcoats, the chancellor found that defendants' refusal to do the work contracted for under the "unique" fact situation called for the equitable remedy of a negative injunction. This reasoning is in line with still viable Lajoie and the Restatement of Contracts, sec. 380, which has been adopted in Pennsylvania.

It is, therefore, our conclusion that what was said in Lajoie at page 217, is controlling,

28

"We feel therefore that the evidence in this case justifies the conclusion that the services of the defendant are of such a unique character, and display such a special knowledge, skill and ability as renders him of peculiar value to the plaintiff, and so difficult of substitution, that their loss will produce irreparable injury, in the legal significance of that term, to the plaintiff. The action of the defendant in violating his contract is a breach of good faith, for which there would be no adequate redress at law, and the case therefore properly calls for the aid of equity, in negatively enforcing the performance of the contract, by enjoining against its breach."

## DECREE NISI

And now, August 11, 1971, defendant, William H. Clark, is enjoined from playing the organ on Fridays from 8 p.m. to 11 p.m. and on Saturdays-Sundays from 8 p.m. to 2:30 a.m., at any roller skating rink other than that of plaintiff from this date until December 31, 1972; this injunction pertains particularly to the C & C Rink and the Ringing Rocks Rink, both located in Bucks County, as well as to any rink within a 50-mile radius of plaintiff's establishment; defendant is ordered to pay the costs of this proceeding; this decree shall become the final decree unless exceptions hereto are filed within 20 days; however, the injunction herein takes effect immediately and continues in effect the same as though preliminary injunctive relief had been previously granted.

## AMENDMENT TO DECREE NISI

And now, August 18, 1971, on the motion of counsel for defendant, the decree nisi of August 11, 1971, is hereby clarified: The chancellor was in error in referring to the C & C Rink and Ringing Rocks Rink as being located in Bucks County and therefore the decree nisi is amended to represent the C & C Rink

as being located in Berks County and the Ringing Rocks Rink as being located in Lower Pottsgrove Township, Montgomery County; the injunction contained in the said decree nisi applies specifically to both the C & C Rink and the Ringing Rocks Rink regardless of their distance from plaintiff's establishment; otherwise, the injunction pertains to any other roller skating rinks that fall within the 50 mile radius of plaintiff's establishment.